**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

LAURIE RISTOM,

Plaintiff,

v. Civ. No. 20-725 GJF

KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*,

Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's "Motion to Reverse or Remand Administrative Agency Decision" [ECF 23] ("Motion") and the accompanying Brief in Support of the Motion [ECF 24]. The Commissioner responded in opposition [ECF 28] and Plaintiff chose not to reply. Having meticulously reviewed the entire record and the parties' briefing, and for the reasons articulated below, the Court will **GRANT** the Motion and **REVERSE AND REMAND** the Commissioner's final decision.

## I. BACKGROUND

Plaintiff Laurie Ristom is 60 years old. Administrative Record ("AR") at 63.[1] Before claiming disability, Plaintiff owned and—along with her husband and two children—operated a party business, which offered live entertainment and rental services (e.g., renting inflatable water slides and bounce houses). *Id.* at 36–37. Plaintiff sold her business on July 7, 2017. *Id.* at 36. In April 2017, Plaintiff filed for disability insurance benefits, claiming that she had been disabled since October 1, 2013, due to a history of heart problems, cardiac infusion, tachycardia, "A-fib,"

[1] Due to a clerical error, ECF 28 at 1, the Administrative Record was split between ECF 19 and ECF 28. For ease of reference, the Court refers to the Administrative Record as though it were filed as one comprehensive document rather than two separate ones. Administrative Record pages 1–1901 are filed under ECF 19 and pages 1902–2542 are filed under ECF 28.

asthma, chronic pain, degenerative bone disease, problems with blood clotting, and fatigue. *Id.* at 64. The Social Security Administration ("SSA") denied her application initially and on reconsideration. *Id.* at 12. At Plaintiff's request, Administrative Law Judge ("ALJ") Jennifer Fellabaum held a hearing on her case. *Id.* at 30. On October 16, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled "from October 1, 2013, the alleged onset date, through March 31, 2018, [her] date last insured," as defined by the Social Security Act. *Id.* at 22.[2] In May 2020, the Appeals Council denied Plaintiff's request for review, *id.* at 1, after which Plaintiff appealed the ALJ's decision to this Court. ECF 1.

## II. PARTIES' ARGUMENTS

Plaintiff argues that the ALJ committed reversible error at step one by finding that she engaged in substantial gainful activity between October 2013 and July 2017. ECF 24 at 14. Plaintiff asserts that the ALJ should have considered evidence submitted by Plaintiff after the ALJ's decision was issued. *Id.* at 15; *see generally* ECF 28.[3] Plaintiff explains that these documents "clearly establish[ed] that [Plaintiff] while writing orders for the events did not do hands-on work in running the events. They were all done by her teenagers and her husband." ECF 24 at 15. Plaintiff concludes that had the ALJ "been slightly more patient for the arrival of the [additional evidence], she would have seen that it was error to conclude that [Plaintiff] engaged in [substantial gainful activity]" between October 2013 and July 2017. *Id.* at 15.

For her part, the Commissioner concedes that the ALJ erred at step one. ECF 29 at 7. The Commissioner, however, does not agree that the ALJ should have considered the additional

---

[2] Although the transcript index dates the ALJ's decision on October 10, 2019, the decision itself is dated October 16, 2019. *Compare* ECF 19-2 at 1 *with*, AR at 12, 22.

[3] The subject evidence consists of affidavits prepared by Plaintiff, her husband, and her daughter, as well as roughly 600 pages of invoices from Plaintiff's party business. Each affiant stated that Plaintiff's family rendered unpaid labor to Plaintiff's business between 2013 and 2017. ECF 28 at 4–5, 7–8. Plaintiff submitted these documents on January 20, 2020. AR at 1908.

evidence that Plaintiff submitted after the hearing. *Compare* ECF 29 at 8 *with*, ECF 24 at 15. Instead, the Commissioner admits only that the ALJ should have "reflected her consideration" of how Plaintiff's family members' "unpaid work [a]ffected the income [attributable] to Plaintiff." *Id.* Notwithstanding this confessed error, the Commissioner contends that the ALJ's decision should still be affirmed because the ALJ's error was harmless. *Id.* The Commissioner reasons that because the ALJ did not end the analysis at step one (as a finding of substantial gainful activity would typically dictate) and instead proceeded through steps two through five, the ALJ rendered harmless the error at step one. ECF 29 at 11. The Commissioner further insists that "[a]lthough the ALJ suggested that her remaining findings covered [only] periods in which [the ALJ believed] Plaintiff was not engaging in substantial gainful activity, the ALJ did not limit her consideration of the medical and other evidence to that later period. Instead, she considered the evidence throughout the entire alleged period of disability." *Id.* (internal citations omitted).

## III. RELEVANT LAW

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that she is unable to "engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).

The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (citing 20 C.F.R. § 416.920). The claimant bears the burden of proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); *Williams v. Bowen*, 844 F.2d 748, 750-51, 751 n.2 (10th Cir. 1988). In the first four steps, the claimant must show (1) that "he is not

presently engaged in substantial gainful activity," (2) that "he has a medically severe impairment or combination of impairments," and either (3) that the impairment is equivalent to a listed impairment or (4) that "the impairment or combination of impairments prevents him from performing his past work." *Williams*, 844 F.2d at 750-51; *Grogan*, 399 F.3d at 1261.

If the claimant has advanced through step four, the burden of proof then shifts to the Commissioner to show that the claimant nonetheless retains sufficient functional capacity "to perform other work in the national economy in view of his age, education, and work experience." *Yuckert*, 482 U.S. at 142, 146 n.5.

**B. Substantial Evidence**

The Court's review of an ALJ's decision is both legal and factual. *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) ("The standard of review in a social security appeal is whether the correct legal standards were applied and whether the decision is supported by substantial evidence." (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992))).

In determining whether the correct legal standards were applied, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). The Court may reverse and remand if the ALJ failed to "apply correct legal standards" or "show ... [she] has done so." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (emphasis added). "Under the substantial-evidence standard, a

court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (brackets in original) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "And ... the threshold for such evidentiary sufficiency is not high. Substantial evidence, [the Supreme] Court has said, is more than a mere scintilla." *Id.* (internal quotation marks and citation omitted). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

### C. Harmless Error

Like other administrative review settings, *see generally St. Anthony Hosp. v. United States Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002), the harmless error doctrine applies to the social security disability context. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Under Tenth Circuit precedent, an ALJ's error is harmless and does not warrant remand "where, based on material the ALJ did at least consider (just not properly), [the Court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* Given this standard, the Tenth Circuit has warned that harmless error analysis must be applied "cautiously." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

## IV. THE ALJ'S DECISION AND FINDINGS

### A. Step One

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity[4]

[4] "The work, without regard to legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level. If you are able to engage in substantial gainful activity, we will find that you are not disabled … Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did. We will consider all of the medical and vocational evidence in your file to decide whether or not you have the ability to engage in substantial gainful activity." 20 C.F.R. § 404.1571.

between October 2013 and July 2017. AR at 14. From her small business, Plaintiff earned $8,732 in 2013, $22,229 in 2014, $30,068 in 2015, and $27,478 in 2016. *Id.* at 15 (citing *id.* at 173, 178–229). In 2017, Plaintiff reported a loss of $1,547. *Id.* The ALJ acknowledged that the nature of Plaintiff's contribution to her business shifted over the years, with her family members increasingly taking on the required physical duties. *Id.* After 2012, Plaintiff stopped providing any physical services to her business and transitioned to taking customer calls for three to four hours a day. *Id.* The ALJ noted that she provided Plaintiff the opportunity to submit additional evidence regarding the degree to which her family provided labor to her business, but that Plaintiff did not submit such evidence before the ALJ rendered her decision. *Id.*

Finding that there was "a continuous 12-month period during which the claimant did not engage in substantial gainful activity" (i.e., October 1, 2017, to March 31, 2018), the ALJ continued through the sequential evaluation process, addressing "the periods in which [Plaintiff] did not engage in substantial gainful activity." *Id.* at 15.[5]

**B. Steps Two and Three**

At step two, the ALJ found that Plaintiff was severely impaired by coronary heart disease, obesity, pleural effusion, and plantar fasciitis. *Id.* At step three, the ALJ found that none of these

---

Work is considered substantial gainful activity if it is both (1) substantial and (2) gainful. 20 C.F.R. § 404.1572. Work is "substantial" if it "involves doing significant physical or mental activities." § 404.1572(a). Work may be considered "substantial" "even if it is done on a part-time basis or if [the claimant does] less, get[s] paid less, or [has] less responsibility than when [the claimant] worked before." *Id.* Work is "gainful" if it is "work activity that [a claimant does] for pay or profit." § 404.1572(b). And "[w]ork activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.*

[5] In her decision, the ALJ did not make clear in which 12-month period she found Plaintiff did not have substantial gainful activity. The ALJ found that Plaintiff was engaged in substantial gainful activity between October 2013 and July 2017. AR at 14. The relevant period for the ALJ's review was between Plaintiff's alleged onset date, October 1, 2013, and March 31, 2018, her date last insured. *Id.* at 13–14. The only period in that time frame that the ALJ found that Plaintiff was not engaged in substantial gainful activity was between August 2017 (assuming the ALJ found that Plaintiff was engaged in substantial gainful activity for the entire month of July 2017) and March 2018, which is a period of 8 months, not 12 months. *See id.* at 14. On remand, the Commissioner will have the opportunity to describe this important feature of the instant litigation with greater clarity.

constituted "an impairment or combination of impairments that met or medically equaled the severity of" a listed impairment under 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. *Id.* at 17.

**C. Step Four**[6]

The ALJ found that Plaintiff had the RFC to "perform sedentary work … except she could occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl. She could never climb ladders, ropes, or scaffolds, or be exposed to unprotected heights, hazardous machinery, or concentrated exposure to environment irritants or extreme cold. She could not operate a motor vehicle for commercial purposes." AR at 17. In making this finding, the ALJ considered Plaintiff's statements concerning her symptoms, the objective medical evidence, and the medical opinion evidence. *Id.* at 19.

The ALJ observed that, in October 2017, Plaintiff could cook, do light housework, shop online, pay bills, shop for groceries, and spend time with her grandchildren. *Id.* at 19. Plaintiff asserted that she experienced fatigue and had trouble doing basic tasks such as bending down. *Id.* Plaintiff testified that she installed cameras in her yard so that her husband could monitor whether she has passed out. *Id.* And Plaintiff claimed that she used an inhaler several times day. *Id.*

The ALJ found that Plaintiff had "battl[ed] heart disease since September 2013." *Id.* at 18 (citing *id.* at 415–16). In 2013, Plaintiff had a myocardial infraction that required bypass surgery. *Id.* Post-surgical diagnostic tests revealed mild heart abnormalities. *Id.* In 2014, Plaintiff was hospitalized for pleural and pericardial effusion. *Id.* In 2015, Plaintiff underwent a left heart catheterization and angiography as well as a coronary balloon angioplasty. *Id.* 18–19 (citing *id.* at

[6] The Tenth Circuit has described step four of the sequential evaluation process as consisting of three distinct phases. *Winfrey*, 92 F.3d at 1023. In phase one, the ALJ evaluates a claimant's physical and mental RFC. *Id.* In phase two, the ALJ assesses the physical and mental demands of the claimant's past relevant work. *Id.* Last, the ALJ applies the phase one findings to the phase two findings to determine whether, given the claimant's RFC, she could meet the physical and/or mental demands of her past relevant work. *Id.*

731, 971). In 2016, she endured another left heart catheterization. *Id.* (citing *id.* at 892). Between 2016 and 2019, Plaintiff visited the emergency room nine times for chest pain. *Id.* (citing *id.* at 1477, 1492, 1503, 1521, 1536, 1552, 1582, 1770, 1868). In addition, the ALJ found that Plaintiff's obesity "ha[d] complicated her respiratory and cardiovascular symptoms" and was therefore "severe." *Id.*

Last, the ALJ discussed the medical opinion evidence. At the initial level, state agency medical consultant Brian Harper, MD, determined that there was insufficient evidence in the record to evaluate Plaintiff's claim and thus issued no RFC assessment. *Id.* at 71–82. On reconsideration, state agency medical consultant Herbert Meites, MD, wrote that although "[t]here [wa]s insufficient evidence to evaluate" Plaintiff's claim, "the total evidence of record [wa]s sufficient and consistent to support the proposed determination" of "not disabled." *Id.* at 83–84. Because the record reflected Plaintiff's "long history of cardiovascular symptoms and surgical interventions since 2013," the ALJ found Drs. Harper's and Meites's opinions unpersuasive. *Id.* at 20.

Next, the ALJ assessed the medical opinions of James Moss, MD, and Kim Lark, MD, two of Plaintiff's treating physicians. *Id.* at 20. Following Plaintiff's bypass surgery and after Plaintiff presented to the emergency room in 2013, Dr. Moss opined that Plaintiff could not work while recovering from her bypass surgery (i.e., for about three months). *Id.* at 395. The ALJ found Dr. Moss's opinion unpersuasive because he opined on a temporary restriction and because he opined on Plaintiff's ability to work, an issue reserved to the Commissioner. *Id.* at 20. Dr. Lark treated Plaintiff between her visits to another cardiologist in Lubbock, Texas. *Id.* at 415. In 2014, Dr. Lark opined that Plaintiff could not work due to her heart health. *Id.* at 415. In contrast to Dr. Moss, Dr. Lark advised that she was "unable to project a return to work date." *Id.* The ALJ found Dr. Lark's opinion unpersuasive because "[t]he issue of disability is an issue reserved to the Commissioner."

*Id.* at 20.

Given Plaintiff's RFC, the ALJ determined that Plaintiff would be unable to perform her past relevant work as a business owner. *Id.* Although the Dictionary of Occupation Titles identifies such work as requiring light exertion, the ALJ found that Plaintiff actually performed her work at the medium exertional level. *Id.* Because Plaintiff was restricted to sedentary work, the ALJ found that Plaintiff was precluded from engaging in her past work and proceeded to step five. *Id.*

**D. Step Five**

The vocational expert testified that a hypothetical individual with the same RFC as Plaintiff could work as either an appointment clerk (130,000 national jobs) or a data examination clerk (49,000 national jobs). AR at 21. Finding this testimony to be consistent with the Dictionary of Occupational Titles, the ALJ found that Plaintiff could work jobs that existed in significant numbers in the national economy. *Id.* at 21–22. Accordingly, the ALJ concluded that Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from October 1, 2013, the alleged onset date, through March 31, 2018, the date of last insured." *Id.* at 22.

## V. ANALYSIS

Because the ALJ found that Plaintiff had engaged in substantial gainful activity between October 2013 to July 2017 and expressly limited her consideration of the record to the remainder of the relevant period (i.e., August 2017 to March 31, 2018), the Court holds that the error at step one was not harmless. *Id.* at 21. The Court simply is not convinced that no other reasonable administrative fact finder, following the correct step one analysis, could have resolved the factual matter in any other way.

Although the parties do not agree on *what* error the ALJ committed at step one, they do agree that the ALJ erred in evaluating whether Plaintiff had substantial income between October

2013 and July 2017. ECFs 24 at 15 & 29 at 10–11 ("The Commissioner acknowledges that the ALJ's decision should have reflected her consideration of these issues. However, any error was harmless because the ALJ made additional findings at steps two through five of the sequential evaluation process, rather than ending the analysis at step one."); *see generally* 20 C.F.R. § 404.1573(c)(1) (stating that the SSA will consider whether a claimant "received special assistance from other employees in preforming [their] work"); 20 C.F.R. § 404.1575(c)(1) (stating that in assessing substantial income, for self-employed individuals, that the SSA will "deduct the reasonable value of any significant amount of unpaid help furnished by [the claimant's] spouse, children, or others."). With the understanding that whether the ALJ erred at step one is not disputed, the Court next considers whether such an error was harmless.

The Court finds Judge Torgerson's opinion in *Medina v. Colvin*, Civ. No. 12-1180 ACT, 2014 WL 12798334 (D.N.M. Jan. 9, 2014), instructive. In *Medina*, the plaintiff argued that his employment as a truck driver did not qualify as substantial gainful activity because his earnings were not substantial. *Id.* at *6. The Commissioner conceded that the ALJ's finding to the contrary was error but asserted that the error was harmless because the ALJ conducted "a proper analysis at steps two through five." *Id.* Judge Torgerson disagreed that the error was harmless, reasoning that, as a consequence of the error, "the ALJ's step four findings [were] not supported by substantial evidence." *Id.* at *7. Specifically, the ALJ's step one findings influenced her RFC assessment because the ALJ found that the RFC was reasonable in light of the plaintiff's "recent work as a truck driver." *Id.* *8.[7]

Like *Medina*, the significance here of the ALJ's step one finding was not isolated—it affected the remainder of the ALJ's decision. The Commissioner contends that the ALJ merely

[7] Other courts have similarly found that an error at step one is not harmless—even if the ALJ proceeded through steps two through five—if the remainder of the ALJ's analysis was colored by her step one finding. *See, e.g.*, *Gibb v. Saul*,

"suggested that her remaining findings covered periods in which Plaintiff was not engaging in substantial gainful activity." ECF 29 at 11. But the Court reads the ALJ's explicit (and bolded) statement that "[t]he remaining findings [(i.e., the findings made at steps two through five)] address the periods in which the claimant did not engage in substantial gainful activity," as stronger than mere suggestion. *See* AR at 15. Indeed, the ALJ found Plaintiff to be non-disabled for two entirely different reasons that correspond to two separate timeframes. First, the ALJ found Plaintiff to be non-disabled from October 1, 2013, through July 2017 based on her (erroneous) finding that Plaintiff had substantial gainful employment during this timeframe. *Id.* at 14-15. Second, the ALJ found Plaintiff to be non-disabled from August 2017 through March 31, 2018, based on her finding that Plaintiff's RFC permitted her to work jobs that existed in significant numbers in the national economy. *Id.* at 15-22.

The Commissioner insists that the ALJ "did not limit her consideration of the medical and other evidence to" the period in which she found Plaintiff was not engaged in substantial gainful activity. ECF 29 at 11. To be sure, in her step four analysis, the ALJ touched on medical records from the entirety of the relevant period. *See* AR at 17–19. But the ALJ's step two analysis appears to have been largely premised on medical records from 2017 and 2018. *See* AR 15–17. And the ALJ's step four discussion of Plaintiff's symptoms was entirely focused on reports from 2017 and from the hearing (held in 2019). *See* AR at 19–20. Furthermore, although the ALJ may have

---

Civil Action 19-518, 2020 WL 1888848, at *2 (W.D. Pa. Apr. 16, 2020) (declining to find step one error harmless where ALJ specifically wrote that her step one findings influenced her step four analysis); *Bolduc v. Berryhill*, Civil Action No.: 0:15-cv-04721-RBH, 2017 WL 1151095, at *5 (D.S.C. Mar. 28, 2017) ("While the ALJ did not specifically rely on assertions made by Plaintiff regarding his work history in his sequential analysis after step one, it is unclear to this Court whether this finding constitutes 'harmless error,' and if this likely prejudiced Plaintiff, specifically the ALJ's analysis of Plaintiff's credibility."); *Aldea v. Astrue*, 828 F.Supp.2d 396, 401 (D. Mass. 2011) (holding that an ALJ's step one error was not harmless because "the analysis … was adulterated by the ALJ's improper consideration of evidence not of record; he not only relied on the earnings statements in determining that Plaintiff had engaged in substantial gainful activity for two years following the alleged onset of his disability, but appears to have relied on those statements in his adverse credibility determination.").

considered *evidence* outside of the August 2017 to March 31, 2018, timeframe, the ALJ expressly limited her "*findings*" in steps two through five to this timeframe. *Id.* at 15.

In sum, it appears that the ALJ's conclusion of no disability for the October 1, 2013, through July 2017 timeframe may have been based on an erroneous step one finding—and not entirely supported by the ALJ's findings from steps two through five. Consequently, the Court cannot conclude that the ALJ's ultimate finding of no disability from October 1, 2013, through March 31, 2018, is supported by substantial evidence. *See Moon v. Barnhart*, 159 F. App'x 20, 23 (10th Cir. 2005) (unpublished) (remanding for additional proceedings because, "[a]fter reviewing the ALJ's decision and the record, [the Tenth Circuit] [could] not determine what evidence the ALJ relied on" and thus could not "determine that the ALJ's RFC finding [was] supported by substantial evidence due to his lack of specificity"); *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999) ("It is axiomatic that all of the ALJ's required findings must be supported by substantial evidence."). Furthermore, the Court cannot find this step one error to be harmless because the Court cannot "confidently say that no reasonable administrative factfinder, following the correct analysis, could not have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1146.

## VI. CONCLUSION

For the foregoing reasons, the Court remands this case for additional review consistent with the analysis set forth above. In the event of another hearing, the ALJ should include as part of the decision a consideration of whether to deduct the reasonable value of the unpaid labor provided by Plaintiff's family to her business. *See generally* 20 C.F.R. § 404.1575(c)(1). In this Court's view, that step is essential before the ALJ may properly determine whether Plaintiff was engaged in substantial gainful activity between October 2013 and July 2017.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED** and that the

Commissioner's final decision be (1) **REVERSED** and (2) **REMANDED** for further administrative proceedings.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***